Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
Brett T. Diehl (SBN 339686)
E: BDiehl@McKenzieScott.com
**McKENZIE SCOTT, PC**
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

*Attorneys for Defendant*
*Carlos Manuel Da Silva Santos*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS MANUEL DA SILVA SANTOS (1), <br><br> Defendant. | Case No.: 3:23-cr-02507-RSH <br><br> **EMERGENCY MOTION TO HOUSE MR. SANTOS IN SAN DIEGO COUNTY UNTIL SENTENCING** <br><br> Hon. Robert S. Huie |

Mr. Santos's sentencing is fast approaching. In addition to preparing for sentencing, he is making efforts to attempt to assist victims of this offense. Amidst frequent, long-lasting meeting with his defense team, he was relocated by the U.S. Marshals from GEO Group's Western Region Detention Facility in downtown San Diego to LaSalle Correction's San Luis Regional Detention Center in faraway Arizona. The lack of videocall availability paired with the over-six-hour roundtrip journey to San Luis results in violation of Mr. Santos's right to assistance of counsel.

Mr. Santos moves this Court to order he be returned to a jail or detention facility in San Diego County so he can meet with his defense team with adequate frequency and length. The United States Attorney's Office has declined to provide its position on this motion. This motion is brought as an emergency motion because of the short time before sentencing and because the Marshals only made clear that they would not agree to move Mr. Santos back to San Diego yesterday, March 12, 2025.

## I.   MR. SANTOS'S RIGHT TO ASSISTANCE OF COUNSEL IS BEING VIOLATED

For a criminal defendant, "sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." *Gardner v. Fla.*, 430 U.S. 349, 358 (1977); *see also Mempa v. Rhay*, 389 U.S. 128, 137 (1967); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). This Sixth Amendment right includes the ability to have private communications with counsel. *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). The Constitution's protections extend to circumstances in which a detained client's interactions with his attorney are "chilled." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014)).

District courts in the Ninth Circuit have found that detention of defendants far from their counsel violates the Sixth Amendment. In *United States v. Barclay*, Judge B. Lynn Winmill of the District of Idaho granted the defendant's Motion to Transport Defendant to Local Detention Facility. 442 F. Supp. 3d 1312 (D. Idaho 2020).[1] In that case, the defendant was transferred to FDC SeaTac in the Western District of Washington, which is "over 500 road miles, or an hour and a half flight, away from Boise – where [the defendant] [would] be tried and his counsel is

---

[1] Judge Winmill handed down his ruling on March 2, 2020. The issues raised and opinion had nothing to do with the COVID-19 pandemic.

located." *Id*. at 1314. There were also issues with scheduling private legal calls. In the judge's view, the defendant and his counsel faced "an unacceptable choice— either forgo adequate preparation of his defense or request a continuance to make more trips to SeaTac." *Id*. To remedy the situation, the court ordered that either the Marshals house the defendant in Idaho or FDC SeaTac establish a policy through which "routine" and "emergency" calls could be scheduled in a convenient and timely manner. *Id*. at 1318–19. A Central District of California judge similarly found that the Marshals relocation of defendants charged in that district to detention facilities in Arizona (including San Luis Detention Center) "interfere[d] with defendants' ability to confer with their counsel and to prepare for trial, impeding not only the defendants' right to a speedy trial, but also their right to effective assistance of counsel. *United States v. Olsen*, 494 F. Supp. 3d 722, 731 (C.D. Cal. 2020), *rev'd and remanded on different grounds*, 995 F.3d 683 (9th Cir. 2021).

As documented in the Declaration of Counsel accompanying this motion, Mr. Santos and his legal team now face similar communication challenges. During the three weeks since Mr. Santos was moved to San Luis, counsel has only been allocated three video calls with him for a total of four hours. Decl. ¶ 8. This is a sharp departure from the four to six hours that defense counsel was previously spending weekly with Mr. Santos. Decl. ¶ 10. During the legal calls times that are made available, it has been extremely difficult and more time consuming than usual to review voluminous records and spreadsheets. Decl. ¶ 13. Poor audio quality further complicates precise communications. Decl. ¶ 9. Meanwhile, legal mail has not reached Mr. Santos at all. Decl. ¶ 11. The over-six-hour journey to San Luis renders regular in-person meetings impossible. *See* Decl. ¶ 6. The next month is critical for Mr. Santos's proceedings as sentencing approaches and he simultaneously works to aid victims of his crime. He does not want to avoid further facing the "unacceptable choice" struck down in *Barclay*. 442 F. Supp. 3d at 1314.

## II. ORDERING MR. SANTOS'S RETURN TO SAN DIEGO COUNTY IS THE APPROPRIATE REMEDY

The Marshals have made clear, via Deputy Marshal Chavez's email, that they do not intend to move Mr. Santos back to San Diego before his sentencing. Ex. A. Keeping Mr. Santos in San Luis will violate his Sixth Amendment rights and leave him inadequately prepared for sentencing and restitution proceedings. Additionally, it will hurt victims of his crime, as Mr. Santos will be hindered in his efforts to assist those who lost money from their transactions with Ethos due to his crime. *See* Decl. ¶ 12.

As the Court is aware, Mr. Santos's case is a complex one involving many documents and transactions. Preparing for sentencing in this case differs from most cases before this Court, as in-depth review of spreadsheets and other financial documents is necessary. If the Court orders Mr. Santos returned to San Diego for the next five weeks so that he can adequately collaborate with his counsel, it will not be setting a precedent under which most other defendants would qualify for similar relief. It would merely represent an order tailored to the unique characteristics of Mr. Santos's case.

## III. CONCLUSION

For these reasons, Mr. Santos respectfully requests the Court order him to be housed in San Diego County from now until his sentencing on April 18, 2025. Mr. Santos does not request an oral hearing for this motion.

Respectfully submitted,

**McKENZIE SCOTT, PC**

Dated: March 13, 2025         By:   *s/Brett T Diehl*
BRETT T. DIEHL
MARCUS S. BOURASSA
TIMOTHY A. SCOTT
*Attorneys for Defendant*
*Carlos Manuel Da Silva Santos*