Timothy A. Scott (SBN 215074)
E: TScott@McKenzieScott.com
Marcus S. Bourassa (SBN 316125)
E: MBourassa@McKenzieScott.com
Brett T. Diehl (SBN 339686)
E: BDiehl@McKenzieScott.com
**McKENZIE SCOTT, PC**
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 202-7461

*Attorneys for Defendant*
*Carlos Manuel Da Silva Santos*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-02507-RSH |
|---|---|
| Plaintiff, | |
| | **DECLARATION IN SUPPORT OF EMERGENCY MOTION TO HOUSE MR. SANTOS IN SAN DIEGO COUNTY UNTIL SENTENCING** |
| vs. | |
| CARLOS MANUEL DA SILVA SANTOS (1), | Hon. Robert S. Huie |
| Defendant. | |

I, Brett T. Diehl, declare under penalty of perjury as follows:

1. I am co-counsel for Carlos Santos in this matter.

2. I make this declaration in support of Mr. Santos's contemporaneously filed Emergency Motion to House Mr. Santos in San Diego County Until Sentencing.

3. I do not wish to make myself a witness in my client's case. I make this declaration myself to comply with the local rules, conserve resources, and for

judicial economy. I do not intend to waive attorney-client privilege or confidentiality.

4. I ask that this declaration be stricken rather than risk any finding of attorney-client or confidentiality waiver.

5. On February 20, 2025, Mr. Santos was moved from GEO Group's Western Region Detention Facility in downtown San Diego to LaSalle Correction's San Luis Regional Detention Center in San Luis, Arizona.

6. The round-trip travel time via automobile from downtown San Diego to the San Luis Regional Detention Center, without accounting for traffic or stops, is over six hours. The journey is 408 miles. There is other feasible form of transportation to reach San Luis from San Diego in a timely manner.

7. I have made every effort to secure as frequent as possible video visits with Mr. Santos. Video visits are necessary because much of the legal tasks at this stage of the case relate to written documents we must review and annotate together or which Mr. Santos must be able to review.

8. During the twenty days Mr. Santos has been in San Luis, I have only been allocated three video calls with him. Two of those calls have been scheduled for one hour a piece. The third call was for two hours. (Separately, our investigator, Caitlin Ashton, has been able to schedule two one-hour phone calls with Mr. Santos.)

9. During my calls with Mr. Santos, the audio is choppy and often cuts out. When a precise number or spelling is being discussed, Mr. Santos and I must write the number or word in the chat box to ensure that we are understanding each other.

10. Previously, I spent an average of four to six hours per week in legal visits with Mr. Santos. (When I was away from the district, my colleague, Marcus Bourassa, spent a similar amount of time per week with Mr. Santos.)

11. I mailed a parcel of legal communications to Mr. Santos on February 24, 2025. We also attempted to send Mr. Santos legal mail via San Luis Detention Center's listed facsimile number. To date, Mr. Santos has not received either of these legal mailings.

12. I believe that my inability to meet with Mr. Santos is interfering with Mr. Santos's right to effective assistance of counsel. Several critical events in his case are upcoming. We will receive a copy of his Presentence Investigation Report within the next week. We will need to review that document with Mr. Santos and file our objections. On April 18, 2025, Mr. Santos will be sentenced by this court. Additionally, restitution matters remain to be resolved thereafter.

13. In addition to the pending items in Mr. Santos's criminal case, Mr. Santos is taking steps to attempt to assist those who lost money through their transactions with Ethos Asset Management. This requires meeting with myself and other members of his legal team to review Ethos's financial records. Two victim companies have asked that Mr. Santos sign a form authorizing them access to certain records, but we have been unable to obtain his signature. Additionally, Mr. Santos is considering whether and how Ethos might be placed into a receivership. These actions and other similar actions require significant document review that is not possible while he is in San Luis and we are in San Diego.

14. My obligations in San Diego and other pending cases make frequent in-person travel to San Luis difficult if not wholly impossible on the scale and frequency necessary to prepare for sentencing.

15. I repeatedly requested via email that the U.S. Marshals return Mr. Santos to San Diego County so that we can meet with him with the frequency that we see appropriate. Assistant U.S. Attorney E. Christopher Beeler communicated to the Marshals in that same email thread that "[t]he United

1  States supports this request, but defer to USMS." On March 12, 2025, Deputy
2  Marshal Diego Chavez, who serves as defense attorneys point of contact for
3  client detention concerns, responded that the Marshals are unable to
4  accommodate our request. Attached as **Exhibit A** is a true and accurate copy
5  of that email thread.

6                                     Respectfully submitted,

7  Dated: March 13, 2025          By:   *s/Brett T. Diehl*
8

-4-
DECLARATION IN SUPPORT OF EMERGENCY MOTION TO HOUSE MR. SANTOS IN SAN DIEGO COUNTY UNTIL SENTENCING