ADAM GORDON
United States Attorney
CARL F. BROOKER
Washington D.C. Bar No. 1022908
E. CHRISTOPHER BEELER
California Bar No. 330496
New York Bar No. 5422068
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7994

Attorneys for the United States

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS MANUEL DA SILVA SANTOS,<br><br>Defendant. | CASE NO.: 23-CR-2507-RSH<br><br>**JOINT MOTION FOR ORDER TO TURN OVER SEIZED FUNDS HELD BY HOMELAND SECURITY INVESTIGATION FOR PAYMENT TOWARD DEFENDANT'S RESTITUTION JUDGMENT** |

The United States of America by and through its counsel, Adam Gordon, United States Attorney, Carl F. Brooker, IV, and E. Christopher Beeler, Assistant United States Attorneys, file this motion to turn over funds seized by Homeland Security Investigations ("HSI") in the instant matter towards Defendant's restitution judgment. Defendant, by and through his counsel, Marcus Bourassa joins this motion.

## INTRODUCTION

In connection with the investigation into Defendant, the United States seized the following amounts from accounts held by the Defendant's company Ethos Asset Management, Inc. and co-conspirator Sean Winston (the "Seized Proceeds"):

| Bank | Amount of Funds | Date of Seizure |
|---|---|---|
| **Comerica Bank** | $1,990,213.35 | September 28, 2023 |
| **Bank of America** | $4,048,690.76 | September 29, 2023 |
| **Flagstar Bank** | $2,611,997.82 | December 15, 2023 |
| **TOTAL** | $8,650,901.93 | |

In Defendant's plea agreement, the parties agreed to use the Seized Proceeds towards any restitution ordered by the court. Specifically, "all money seized by the United States shall be used towards payment of restitution, including but not limited to the . . . [Comerica, Bank of America, and Flagstar Bank Seized Proceeds]." *See* ECF 121 at 18.[1] Subsequently, on July 18, 2025, this Court entered a restitution order of $29,766,829.18. ECF No. 173

To date, the United States is unaware of any payments Defendant has made towards his restitution obligation. HSI has informed the United States that the Seized Proceeds are in its possession and that HSI requires an order from the court to turn over the Seized Proceeds to the Clerk of the United States District Court for the Southern District of California. Accordingly, the parties respectfully request that the Court issue an order directing HSI to turn over the Seized Proceeds to the Clerk of the Court for credit to Defendant's outstanding and restitution obligation.

## ARGUMENT

The United States Attorney's Office is responsible for collecting unpaid fines and restitution. 18 U.S.C. § 3612(c). Pursuant to 18 U.S.C. § 3613(a), the United States may enforce a judgment imposing criminal monetary penalties using the practices and procedures for enforcement of civil judgments under Federal or State law. Such a judgment may be enforced against all property or rights to property of the Defendant. 18 U.S.C. § 3613(a).

Once the Court enters judgment in a criminal case, a lien arises in favor of the United States against all of Defendant's property and rights to property. 18 U.S.C. § 3613(c). Hence, a lien arose against Defendant's property on July 29, 2025, in the amount of $29,766,829.18. ECF No. 173.

Any property, lawfully seized by the government, is subject to any continuing interest the government has in the property. *United States v. Mills*, 991 F.2d 609, 612 (9th

---

[1] Sean Winston, charged separately in 23-CR-2441-RSH, relinquished any claim to this property in his plea agreement.

Cir. 1993) (restitution order created legitimate government interest to defeat Defendant's request for return of lawfully seized cash). Therefore, the Government's interest in the Seized Proceeds is legitimate. *Id.* Further, the Government's legitimate interest in the property takes precedence over Defendant's ownership interest in the property seized. *Id.* The Government may establish a legitimate interest by demonstrating "a cognizable claim of ownership or right to possession adverse to that of the Defendant." *Id.* In *Mills*, the Ninth Circuit recognized that a valid restitution order "gives the government a sufficient cognizable claim of ownership to defeat a Defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order." *Id; see also U.S. v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) (noting that "because a restitution order is enforceable as a lien on all of a Defendant's property, a court may order that a Defendant's property already in the government's possession be applied to his restitution debt.") (citing *Mills*, 991 F.2d at 612). Here, the government has the same interest as it had in *Mills*: collecting the special assessment and restitution imposed against the Defendant. *See Mills,* 991 F.2d at 612. Accordingly, the government has a legitimate interest in the lawfully seized funds currently held by HSI.

Because the United States Government has an obligation to collect criminal judgments on behalf of victims and has a valid lien against Defendant's real and personal property, any funds being held by a government agency in which Defendant has a substantial interest is subject to the government's continuing interest in the satisfaction of that judgment. *Kaczynski*, 416 F.3d at 974; 18 U.S.C. § 3613 (a), (f); 18 U.S.C. § 3664 (m)(1)(A)(ii). Therefore, the Court should grant the joint request for an order directing HSI to turn over $8,650,901.93 constituting the Seized Proceeds, for purposes of applying the funds to the Defendant's outstanding restitution obligation.

## CONCLUSION

Based upon the foregoing, the parties respectfully request that this Court issue an Order requiring HSI to turn over $8,650,901.93 seized from Defendant to the Clerk of the Court for payment towards the outstanding restitution obligation imposed against

Defendant. Said funds should be made payable to the United States District Court Clerk for the Southern District of California.

DATED: August 5, 2025            Respectfully submitted,

                                       ADAM GORDON
                                       United States Attorney

                                       */s/Carl Brooker*
                                       CARL F. BROOKER, IV
                                       E. CHRISTOPHER BEELER
                                       Assistant United States Attorneys

                                       */s/Marcus Bourassa (By Consent)*
                                       MARCUS B. BOURASSA
                                       Counsel for Defendant