ADAM GORDON
United States Attorney
E. CHRISTOPHER BEELER
California Bar No.: 330496
New York Bar No.: 5422068
CARL F. BROOKER IV
Washington DC Bar No.: 1022908
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7748
Email: christopher.beeler@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23-CR-2507-RSH |
| Plaintiff, | **MOTION TO DISMISS INDICTMENT AND SUPERSEDING INDICTMENT WITHOUT PREJUDICE AS TO (1) ETHOS ASSET MANAGEMENT INC., (2) ELIAS ACHILLEOS, AND (3) ASSETVEST CORP** |
| v. | |
| ETHOS ASSET MANAGEMENT, INC. (2), ELIAS ACHILLEOS (3), and ASSETVEST CORP (4) | |
| Defendants. | |

The United States respectfully moves the Court for an order dismissing without prejudice all charges in the Indictment and Superseding Indictment against Defendants Ethos Asset Management, Inc., Elias Achilleos, and AssetVest Corp., pursuant to Federal Rule of Criminal Procedure 48(a).

Federal rules permit the government to dismiss an indictment "with leave of court." Fed. R. Crim. P. 48(a). The central factor for the court to evaluate the propriety of a prosecutor's motion to dismiss is whether the motion is made in good faith. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). If the court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, then the court should grant the motion. *Id.* Conversely, Rule 48(a) empowers the court to exercise its discretion in denying the

motion when its specifically finds the prosecutor is acting in bad faith. *Id.* The court's limited discretion to withhold permission to dismiss extends to protect: (1) a clear disservice to the public interest; and (2) a defendant against prosecutorial harassment. *See United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000); *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

When the prosecutor requests a Rule 48(a) dismissal in good faith, the court is duty bound to honor that request. *Hayden*, 860 F.2d at 1488. In granting the motion, the court may then assess whether the motion should be made with or without prejudice under Rule 48. *Id.; see also United States v. Towill*, 548 F.2d 1363, 1368 n.4 (9th Cir. 1977).

Here, this case has brought justice to the primary culprit—Carlos Santos—of an international criminal fraud scheme. The Court sentenced Carlos Santos to an aggregate 87 months in custody and ordered him to pay $29,766,829 in restitution to victims. ECF 173. As outlined in his plea agreement, Carlos Santos led an advanced fee loan scam through a company he founded and led, Ethos Asset Management, Inc. Today, Ethos Asset Management, Inc. seems to exist only in the memories of its victims, Carlos Santos, his co-conspirators, and on the face of the Indictment and Superseding Indictment. The United States has seized its website and domestic bank accounts, and according to the California Secretary of State, Ethos Asset Management, Inc. has no registered agent for service of process and has not filed an updated Statement of Information, which was due on June 30, 2023. Based on these facts, the United States has concluded that Ethos Asset Management, Inc. is an impecunious and defunct entity. Further prosecution of it would be wasteful of the United States' limited resources and contrary to manifest public interest.

Elias Achilleos was indicted on one count of wire fraud conspiracy related to his role as chief risk officer of Ethos Asset Management, Inc. He has not been arrested for this charge. He is a resident and citizen of the United Kingdom. In October 2024, Achilleos voluntarily met, while in the presence of counsel, with federal law enforcement and a federal prosecutor in London, England. Following that October 2024 meeting and taking into consideration Achilleos's interview and cooperation with law enforcement, the

evidence against him, and the then pending trial of Mr. Santos, in November 2024 the government extended the contours of an agreement in principle to not prosecute Mr. Achilleos in exchange for his truthful testimony at Mr. Santos's trial. The government never extended a formal written non-prosecution offer to Mr. Achilleos, in part, because Mr. Santos pleaded guilty on January 30, 2025, and thereby removed the necessity of Mr. Achilleos's testimony. Based on these negotiations and the likelihood that the government and Mr. Achilleos would have memorialized a non-prosecution agreement prior to trial but for Mr. Santos's guilty plea, the United States believes it has an obligation to proceed in good faith, not prosecute Mr. Achilleos for the charge in the Superseding Indictment, and seek dismissal of that charge.[1]

AssetVest Corp. is charged with conspiring to operate an unlicensed money transmission business with Defendant Carlos Santos. Of the approximately $22,245,213.30 transmitted by AssetVest on behalf of Defendant Carlos Santos and those who paid money to Ethos Asset Management, Inc., the evidence indicates that AssetVest Corp. returned approximately all of it. On October 25, 2024, AssetVest Corp.'s principal owner signed a cooperation and non-prosecution agreement with the United States. In exchange for consideration and the agreement, the United States agreed to dismiss the charge against AssetVest Corp.

Based upon the foregoing, the United States is acting in good faith by moving to dismiss the charges against Ethos Asset Management, Inc., Elias Achilleos, and AssetVest Corp. and is acting in the interest of the public. The United States is also seeking dismissal without prejudice in event new evidence is uncovered or an agreement is breached. Should either event occur, dismissal without prejudice will preserve the United States' right to

---

[1] Other practical considerations exist that stem from consultation with the Department of Justice's Office of International Affairs. Should the court seek further information, the United States would request to provide that information in an *in camera* meeting with the court or filing. *See United States v. Ammidown*, 497 F.2d 615, 620 n.10 (D.C. Cir. 1973) (prosecutor's reasons for Rule 48(a) dismissal may be submitted in camera, if necessary to avoid prejudice to the government).

reindict based on the same or similar charges. *Hayden*, 860 F.2d at 1488.  As such, the Court should grant the motion and enter a dismissal without prejudice.

DATED: November 10, 2025                    Respectfully submitted,

                                                ADAM GORDON
                                           United States Attorney

/s/ *E. Christopher Beeler*
E. Christopher Beeler
Carl F. Brooker
Assistant United States Attorneys